**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-2127**

———————

FRED ASHLEY; RANDY FOWLER; HENRY JUAREZ;
ANDREW TURNER,

　　　　　　　　　　　　　　　　　Plaintiffs - Appellants,

　　　versus

NATIONAL LABOR RELATIONS BOARD; ROBERT J.
BATTISTA, In his official capacity as Chairman
of the National Labor Relations Board; PETER
C. SCHAUMBER, In his official capacity as a
member of the National Labor Relations Board;
WILMA B. LIEBMAN, In her official capacity as
a member of the National Labor Relations
Board; PETER N. KIRSANOW, In his official
capacity as a member of the National Labor
Relations Board; DENNIS P. WALSH, In his
official capacity as a member of the National
Labor Relations Board; WILLIE L. CLARK, JR.,
In his official capacity as the Regional
Director of the Eleventh Region of the
National Labor Relations Board,

　　　　　　　　　　　　　　　　　Defendants - Appellees.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, Senior
District Judge. (1:06-cv-00316-WLO-PT)

———————

Argued: October 30, 2007　　　　Decided: November 20, 2007

———————

Before MICHAEL, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————————

**ARGUED:** William L. Messenger, NATIONAL RIGHT TO WORK LEGAL FOUNDATION, Springfield, Virginia, for Appellants. Kye D. Pawlenko, Office of the General Counsel, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Appellees. **ON BRIEF:** Philip M. Van Hoy, Stephen Dunn, VAN HOY, REUTLINGER, ADAMS & DUNN, Charlotte, North Carolina, for Appellants. Ronald Meisburg, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Margery E. Lieber, Deputy Associate General Counsel, Eric G. Moskowitz, Assistant General Counsel, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs Fred Ashley, Randy Fowler, Henry Juarez, and Andrew Turner (collectively, Plaintiffs) bring this action against the National Labor Relations Board (NLRB or Board). Plaintiffs allege that when the Board certified the International Union, United Automobile and Agricultural Implement Workers of America (UAW) as their exclusive bargaining representative without entertaining their objections during the certification proceeding, the Board deprived them of their liberty and property interests without due process of law, in violation of the Fifth Amendment. The district court granted the Board's motion to dismiss for lack of standing and subject matter jurisdiction. We affirm, albeit on somewhat different grounds.

I.

Plaintiffs are employees of Thomas Built Buses, Inc. (TBB). TBB has a relationship with UAW that the district court described as "interesting" -- it appears that for some time, TBB has been assisting UAW in its organizing efforts at the TBB plant.

In June 2005, UAW requested that the NLRB conduct a certification election at the TBB plant, in which TBB employees would vote to determine whether UAW would become the exclusive representative of the TBB employees. One day prior to the election, TBB circulated a memorandum that implied that non-union

3

employees would soon be subject to higher benefit costs.  On the day of the election, UAW recirculated the original memorandum, with the addition of the headline "DID YOU SEE THIS? THE COST OF BEING NON-UNION JUST WENT UP!"  After the election, the unofficial tally was 714 in favor of UAW and 504 opposed.

 Plaintiffs argue that TBB's circulation of the benefits change memorandum one day prior to the election constitutes objectionable conduct and provides grounds for setting aside the election results.  After the election, Plaintiffs sought to intervene in the representation proceeding before the NLRB through which the Board would officially certify UAW as the representative of the TBB employees.  Plaintiffs also filed objections to the certification with the NLRB's Regional Director.  But Plaintiffs did not file a charge alleging that TBB or UAW engaged in unfair labor practices. The NLRB denied Plaintiffs's motion to intervene, refused to consider the objections filed with the Regional Director, and certified UAW as the exclusive bargaining representative of TBB.

Instead of filing an unfair labor practices charge against TBB and/or UAW, Plaintiffs brought this action against the NLRB, claiming that the Board's certification of UAW as their exclusive representative deprived them of protected liberty and property interests without due process of law, in violation of the Fifth Amendment.  The district court granted the Board's motion to

4

dismiss, finding a lack of standing and no subject matter jurisdiction. Plaintiffs appeal.

## II.

The National Labor Relations Act (NLRA, or Act) empowers the Board to investigate questions of representation and, where necessary, to direct elections by secret ballot and to certify the results of such elections. 29 U.S.C.A. § 159(c) (West 1998 & Supp. 2007). The typical parties to a representation proceeding are the employer and the union, and the Board does not normally allow individual employees to intervene in representation proceedings. See NLRB, Casehandling Manual, Part Two, Representation Proceedings § 11194.4 (2007), available at http://www.nlrb.gov/Publications/Manuals. It is unsurprising, then, that the Board denied Plaintiffs's motion to intervene in the representation proceeding.

The NLRA also empowers the Board to prevent any person or entity from engaging in any unfair labor practice affecting commerce. 29 U.S.C.A. §§ 152(1), 160(a). An employer's contribution of support to a labor organization constitutes an unfair labor practice within the meaning of the Act. Id. at § 158(a)(2); see also ILGWU v. NLRB, 366 U.S. 731, 738 (1961). Thus, in this case, if TBB's circulation of the benefits change memorandum constitutes a "contribution of support" to UAW, then

5

TBB's actions fall within the definition of an unfair labor practice.

Moreover, "any person," not just an employer or union, may file a charge alleging that a person or entity has engaged in unfair labor practices. 29 C.F.R. § 102.9. The General Counsel of the Board has the final authority to decide whether to pursue the investigation of a charge and initiate the adjudication of a complaint under section 160 of the Act, 29 U.S.C.A. § 153(d); see also NLRB v. United Food & Commercial Workers, 484 U.S. 112 (1987). The Board adjudicates the merits of unfair labor practice charges brought by the General Counsel. 29 U.S.C.A. § 160(b)-(d). If the Board finds that an employer or union has committed an unfair labor practice, it may issue a final order setting aside its previous certification of a union. See Lunardi-Central Distributing Co., 161 NLRB No. 126 at 1444-45 (1966). Any party to a Board proceeding aggrieved by this final order may obtain review of the order in the courts of appeals. 29 U.S.C.A. § 160(f).

Therefore, in the case at hand, Plaintiffs could have filed an unfair labor practices charge with the Board. If the General Counsel initiated the adjudication of charges, the Board could have held that TBB or UAW committed unfair labor practices and set aside its previous certification of UAW as the exclusive representative of the TBB employees. Alternatively, if the Board held that no

6

unfair labor practice had been committed, the Plaintiffs could have appealed the Board's final decision to this court.

Plaintiffs, however, chose not to file an unfair labor practices charge with the Board. Instead, Plaintiffs ask us to declare that the process that the NLRA establishes to address unfair labor practices violates their constitutional rights, despite the fact that they failed to pursue this process. As our sister courts have repeatedly held, a plaintiff may not bypass a seemingly adequate administrative process and then complain of that process's constitutional inadequacy in federal court. See, e.g., Farhat v. Jopke, 370 F.3d 580, 596 (6th Cir. 2004); Santana v. City of Tulsa, 359 F.3d 1241, 1244 (10th Cir. 2004); Krentz v. Robertson, 228 F.3d 897, 904 (8th Cir. 2000); Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000); Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000); Rathjen v. Litchfield, 878 F.2d 836, 840 (5th Cir. 1989); Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982).[1]

Even assuming that Plaintiffs have suffered the deprivation of a constitutionally protected liberty or property interest, which is not at all clear, their failure to avail themselves of their right to file an unfair labor practices charge means that they have

---

[1]Some of these cases deal with state, rather than administrative, procedures; however, the principle that a plaintiff may not complain of procedures he or she has not pursued is the same.

failed to state a due process claim.  As Judge Becker explained in Alvin, "to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."  227 F.3d at 116.  This is so because a due process violation "is not complete" when the asserted deprivation occurs; rather it is only complete when the government "fails to provide due process."  Zinermon v. Burch, 494 U.S. 113, 126 (1990).  Accordingly, where "there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants."  Alvin, 227 F.3d at 116.  As in Alvin, here "a procedural due process violation cannot have occurred" because "the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies."  Id. (citing Zinermon, 494 U.S. at 126).[2]

---

[2]Mathews v. Eldridge, 424 U.S. 319 (1976), on which Plaintiffs heavily rely, involves an entirely different statutory scheme, not governing asserted employment rights, but entitlement to social security benefits.  Eldridge "raised at least a colorable claim that because of his physical condition and dependency upon the disability benefits," a pre-termination evidentiary hearing not permitted by administrative procedures was constitutionally required. Id. at 331. Despite Eldridge's failure to avail himself of other administrative remedies, these particular allegations permitted him to bring this due process claim in federal court. Plaintiffs make no remotely similar allegations here.

III.

Because Plaintiffs did not file an unfair labor practices charge complaining of TBB's unlawful assistance to UAW, they have failed to state a due process claim. Accordingly, the judgment of the district court dismissing this action is

AFFIRMED.

9