**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-2247**

---

CHARLES A. YOUNG, JR.,

       Plaintiff - Appellant,

   v.

CITY OF MANASSAS; BRYAN FOSTER, Deputy City Manager,

       Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:21-cv-00590-LO-TCB)

---

Submitted: March 31, 2023                  Decided: June 8, 2023

---

Before WYNN, DIAZ, and RICHARDSON, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Alan S. Shachter, Manassas, Virginia, for Appellant. Heather K. Bardot, MCGAVIN, BOYCE, BARDOT, THORSEN & KATZ, P.C., Fairfax, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles A. Young appeals the district court's orders dismissing his complaint and denying reconsideration. In his complaint, Young alleged that he was an employee for the City of Manassas, Virginia ("the City"), and that the City and the Deputy City Manager, Bryan Foster, violated his procedural due process rights by suspending him for three days without pay.* On appeal, Young argues that the court erred in dismissing his complaint because he properly alleged violations of the Due Process Clause and state constitutional and statutory law. We affirm.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

---

* Young initially filed suit in state court, but the City and Foster removed the case to the federal district court.

2

Young argues on appeal that his complaint properly alleged a procedural due process claim under the Fourteenth Amendment. A plaintiff must adequately allege "three elements" to state a viable procedural due process claim. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013). First, a plaintiff "must demonstrate that he had a constitutionally cognizable life, liberty, or property interest." *Id.* "Second, he must show that the deprivation of that interest was caused by some form of state action." *Id.* (internal quotation marks omitted). "Third, he must prove that the procedures employed were constitutionally inadequate." *Id.* (internal quotation marks omitted).

Here, Young admits that he withdrew from the City's grievance process prior to its completion. Because Young failed to fully participate in the grievance process and his allegations did not suggest that the process was fundamentally unfair, he could not show that the challenged procedures were constitutionally deficient. *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990) (noting that a due process violation "is not complete" when the deprivation of a protected right occurs; rather, it is only complete when the government "fails to provide due process"); *Ashley v. N.L.R.B.*, 255 F. App'x 707, 710 (4th Cir. 2007) (per curiam) ("[T]o state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000))). Accordingly, the district court correctly found that Young failed to allege a viable due process claim under federal law. Further, because the "due process guarantees of . . . the Constitution of Virginia are virtually identical to those of the United States Constitution," the court properly determined that Young's allegations were also

3

insufficient to state a due process claim under state law. *L.F. v. Breit*, 736 S.E.2d 711, 721 n.7 (Va. 2013). Finally, while Young argues that he adequately alleged a claim that the City's grievance process violated Virginia statutory law and that the district court should have afforded him leave to amend his complaint, we have reviewed the record and conclude that the district court made no error in dismissing his complaint or denying leave to amend.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*