FILED
United States Court of Appeals
Tenth Circuit

July 18, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARSHA MADEWELL,

        Plaintiff-Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS and Agency; R. JAMES
NICHOLSON, Secretary of
Department of Veterans Affairs and
Agency, Agency Head, in his official
capacity,

        Defendants-Appellees.

No. 07-7086
(D.C. No. 6:06-cv-00526-FHS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Marsha Madewell appeals the district court's order granting summary

judgment to her former employer, the Department of Veterans Affairs (the VA),

on her claims of disability discrimination and retaliation and also dismissing her

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state-law tort claims for lack of subject-matter jurisdiction. We review the district court's judgment pursuant to 28 U.S.C. § 1291 and AFFIRM.

I.

Ms. Madewell was a Veterans Claims Examiner (VCE) in the VA's Education Division from September 1988 until July 2005. As a VCE, Ms. Madewell was responsible for receiving, reviewing, and making decisions on veterans' applications for educational benefits. In 2002, the VA implemented national performance standards for the VCEs, including a minimum production component. Ms. Madewell believed that this aspect of the system rewarded VA managers with bonuses for the amount of work processed by VCEs, but not for the quality of that work. According to Ms. Madewell, the standards led to the incorrect adjudication, and perhaps wrongful denial, of veterans' claims. She expressed this viewpoint to her supervisors and to the office of her United States Senator.

From May 2003 through her discharge date, Ms. Madewell met the minimum production requirement only intermittently. The VA took disciplinary steps: Ms. Madewell was counseled, given additional assistance, admonished, and placed on improvement plans. Ms. Madewell felt that many of the counseling meetings were for the purpose of harassing and humiliating her. She informed her director, managers, and supervisors that the workplace stress exacerbated the pain and fatigue caused by her existing medical conditions, which included

fibromyalgia, arthritis, scoliosis, degenerative disc disease, migraines, and vision problems. During the time of her employment difficulties, she developed insomnia, irritable bowel syndrome, anxiety, depression, and symptoms of pre-menopause. Management, however, denied Ms. Madewell's requests to continue with a "mega-flex" work schedule and to change her work duties to accommodate her medical needs. Reply Br. at 16, 27-30. In response to this situation, she filed an Equal Employment Opportunity (EEO) complaint alleging disability discrimination in September 2004. The outcome of this complaint is not part of the district court record.

In July 2005, the VA terminated Ms. Madewell's employment for failure to meet the May 2005 minimum production standard. At that point, she had not met the standard in May, June, July, October, and November of 2003; February, June, and December of 2004; and January, February, and May of 2005. After her discharge, Ms. Madewell brought disability-discrimination and whistle-blower claims to the Merit Systems Protection Board. Although it is apparent that Ms. Madewell was unsuccessful in administrative proceedings, the record does not contain a Board decision.

Ms. Madewell then filed this lawsuit in district court alleging disability discrimination under the Rehabilitation Act of 1973, *see* 29 U.S.C. §§ 791, 794a; retaliation under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-3; discrimination and retaliation under the Whistle Blower Protection Act

(WPA), *see* 5 U.S.C. § 2302(b); and state-law tort claims.  In a sixteen-page Opinion and Order, the district court described the background facts, discussed the applicable law, and concluded that the VA was entitled to summary judgment on all claims.

II.

Although she was represented by counsel in the district court, Ms. Madewell appears pro se in this appeal.  We therefore treat her appellate filings liberally and construe her briefs as seeking review of all issues decided by the district court.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We review de novo the district court's grant of summary judgment and dismissal. *Santana v. City of Tulsa*, 359 F.3d 1241, 1243 (10th Cir. 2004).  Summary judgment is appropriate if "the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

**Disability Discrimination**

To meet the threshold element of her disability discrimination claim, Ms. Madewell was required to show that she was a disabled person within the meaning of the Rehabilitation Act.  The Act defines the term *disability* in pertinent part as a "physical or mental impairment that substantially limits one or more major life activities."  29 U.S.C. § 705(9)(B).  Standing alone, evidence of physical impairments does not demonstrate entitlement to the protections of the

Rehabilitation Act. A plaintiff must also demonstrate that her impairments substantially limit a major life activity, "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii). This court looks at "only the major life activity or activities asserted by the plaintiff" in district court. *Justice v. Crown Cork & Seal Co.*, 527 F.3d. 1080, 1086 & n.2 (10th Cir. 2008) (quotation omitted) (construing a claim under the similar Americans with Disabilities Act).

Ms. Madewell asserted that she was substantially limited in the major life activity of working. Under this premise, she was required to present some evidence that she was "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." *Id.* (quotation omitted). The district court determined that Ms. Madewell had not made this showing in her summary-judgment filings.

Our review of the record indicates that the district court's evaluation of the evidence was correct. Moreover, Ms. Madewell's own reply brief debunks her claim that she was substantially limited in the major life activity of working. She states that she does "everything I can to take care of myself so I am able to work, that is just about all I could do." Reply Br. at 19. Summary judgment was the appropriate disposition of Ms. Madewell's Rehabilitation Act claim.

**Title VII Retaliation**

Ms. Madewell's Title VII retaliation claim relies on a showing that the VA discriminated against her for "oppos[ing] any practice made an unlawful employment practice" by Title VII." 42 U.S.C. § 2000e-3(a). A retaliation plaintiff may prove her case with direct or circumstantial evidence, with the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), coming into play where a plaintiff relies on circumstantial evidence. *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008).

A plaintiff proceeding under the *McDonnell Douglas* framework must first establish a prima facie case with a showing that "(1) she engaged in protected opposition to Title VII discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1227 (10th Cir. 2008) (quotation omitted). A prima facie showing shifts the burden to the employer to "proffer a legitimate, nondiscriminatory reason for her termination." *Id*. Then, the plaintiff "has the burden of demonstrating that the [employer's] asserted reasons for her termination are pretextual." *Id*.

Because Ms. Madewell lacked direct evidence of retaliation, the *McDonnell Douglas* procedure applied to her case. The VA and the district court assumed that Ms. Madewell had demonstrated a prima facie case and proceeded to the

issue of whether the VA's expressed nondiscriminatory reason for termination (failure to meet production standards) was a "pretext masking discriminatory animus." *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007) (quotation omitted). Ms. Madewell alleged that managers treated her differently after she filed her EEO charge and also that no other VCEs were fired for failure to meet the monthly production requirements. But she failed to provide any factual basis for her allegations and therefore failed to demonstrate that the VA provided a pretextual reason to terminate her employment. The district court properly entered summary judgment on Ms. Madewell's discrimination-retaliation claim.

**Whistleblowing Retaliation**

Ms. Madewell claims that she was entitled to damages under the WPA because the VA's discharge decision was prompted, in part, by her revealing the VA's wrongful emphasis on quantity over quality. The WPA, however, protects disclosures of alleged misbehavior only if based on the employee's objective, reasonable belief "that the disclosed information evidences a violation of law, rule, regulation, gross mismanagement, gross waste of funds, abuse of authority, or substantial and specific danger to public health or safety." *Giove v. Dep't of Transp.*, 230 F.3d 1333, 1338 (Fed. Cir. 2000). "A purely subjective perspective of an employee is not sufficient even if shared by other employees." *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999). Moreover, "there is a presumption

that public officers perform their duties correctly, fairly, in good faith, and in accordance with the law and governing regulations." *Id.* (quotation omitted). "[T]his presumption stands unless there is irrefragable proof to the contrary." *Id.* (quotation omitted).

As the district court stated, Ms. Madewell "offer[ed] nothing other than unsupported, conclusory allegations . . . to support her claim of retaliation for engaging in whistleblowing activities." R., Vol. II, Doc. 78 at 15 n.6. Her statements do not constitute the necessary "irrefragable proof" of wrongdoing on the part of VA employees and officials. *Lachance*, 174 F.3d at 1381. As a consequence, Ms. Madewell's disclosures were not protected by the WPA, and her whistleblowing claim was subject to summary judgment.

**Tort claims**

Ms. Madewell also appeals the dismissal of her state-law tort claims of infliction of emotional distress and failure to direct, supervise and train employees. The Federal Tort Claims Act (FTCA) provides the exclusive avenue of relief for these claims. *See* 28 U.S.C. §§ 1346(b), 2671-2680. And "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Because Ms. Madewell "failed to heed that clear statutory command," the tort claims were not properly before the district court. *Id.* The district court correctly dismissed these claims for lack of subject matter jurisdiction.

III.

The judgment of the district court is AFFIRMED.  Ms. Madewell's motion for leave to proceed in forma pauperis is GRANTED.  Her motion asking this court to reconsider appointment of counsel is DENIED.

Entered for the Court


John C. Porfilio
Circuit Judge