**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

EDDIE SANTANA,

      Plaintiff-Appellant,

v.

CITY OF TULSA,

      Defendant-Appellee.

No. 03-5056

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 02-CV-577-H)**

---

Submitted on the briefs:

Eddie Santana, pro se.

Martha Rupp Carter, City Attorney, Andrew T. Rees, Senior Assistant City Attorney, City of Tulsa, Tulsa, Oklahoma, for Defendant-Appellee.

---

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

**McCONNELL** , Circuit Judge.

---

When plaintiff Eddie Santana failed to respond properly to a notice to abate nuisance, the City of Tulsa removed and discarded used computer parts and other

items from Mr. Santana's backyard. Mr. Santana filed a complaint, alleging that the City should be held liable in the amount of $3,000 for various constitutional violations and for negligent enforcement of its nuisance ordinances. Later, he challenged the constitutionality of Okla. Stat. tit. 51, § 155(4), a provision of the Oklahoma Governmental Torts and Claims Act that exempts a state political subdivision from liability for a claim arising from the enforcement of a valid or invalid law.

The district court entered summary judgment in favor of the City on the constitutional claims and dismissed the state tort claims under Fed. R. Civ. P. 12(b)(6). On appeal, Mr. Santana asserts that: (1) his federal due process and unreasonable search and seizure claims should have survived summary judgment; (2) his state claims were improperly dismissed; and (3) the district court should have held a hearing on the constitutionality of section 155(4). This court reviews de novo a district court's grant of summary judgment and Rule 12(b)(6) motions. *Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003). Because Mr. Santana is proceeding pro se, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. [1]

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

(continued...)

I.

Mr. Santana asserts that the City's enforcement of its nuisance law deprived him of his property without due process and in violation of the Fourth Amendment's guarantee of freedom from unreasonable seizures. It is undisputed that Mr. Santana was given a notice to abate a nuisance in his backyard. R., Vol. I, Doc. 20, Ex. F. The notice described the nuisance as "trash and junk, including computer compone[n]ts," provided instructions on abatement of the nuisance, and warned that if the nuisance was not abated within ten days, the City would abate it without further notice. *Id.* It also informed Mr. Santana of administrative appeal procedures. *Id.* Mr. Santana neither abated the nuisance nor filed an appeal.

> [a]n arbitrary deprivation of an individual's property right can violate the substantive component of the Due Process clause of the Fourteenth Amendment. Any substantive due process claim must represent more than an ordinary tort to be actionable under § 1983, and must shock the conscience. To reach that level, the government action must be deliberate, rather than merely negligent.

*Clark v. City of Draper*, 168 F.3d 1185, 1190 (10th Cir. 1999) (quotations and citations omitted). Mr. Santana's own description of the facts shows no egregious

---

[1](...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

action on the part of the City. Thus, there are no contested facts standing in the way of summary judgment on the substantive due process claim.

As to procedural due process, as long as the City's requirements are reasonable and give the aggrieved party adequate notice and an opportunity to meaningfully participate, they are not unconstitutional. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) (holding that the fundamental requirements of due process are notice and an opportunity to present reasons why "a proposed action should not be taken"). A party cannot create a due process claim by ignoring established procedures. "The availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure." *Dusanek v. Hannon*, 677 F.2d 538, 542-43 (7th Cir. 1982).

In this case, Mr. Santana was provided with notice of the City's proposed action and was offered an opportunity for a hearing. He declined to initiate an administrative appeal. The district court properly entered summary judgment on Mr. Santana's procedural due process claim.

Mr. Santana's remaining constitutional claim is that the City's removal of the computer components from his backyard violated his Fourth Amendment right to be free from unreasonable seizures. He does not assert that the City's viewing

-4-

of his backyard to investigate a nuisance complaint amounted to an illegal search. "A 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Soldal v. Cook County,* 506 U.S. 56, 61 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). The Fourth "Amendment's protection applies in the civil context," *id.* at 67, and is not confined to "seizures that are the outcome of a search," *id.* at 68.

"Whether the Amendment was in fact violated is, of course, a different question that requires determining if the seizure was reasonable." *Id.* at 61-62. "[N]umerous seizures of this type will survive constitutional scrutiny. . . . [T]he reasonableness determination will reflect a 'careful balancing of governmental and private interests.'" *Id.* at 71 (quoting *New Jersey v. T.L.O*., 469 U.S. 325, 341 (1985)). The circuit courts have analyzed the legality of municipal nuisance proceedings under the *Soldal* reasonableness guidelines.

The Fifth Circuit "balanc[ed] the public and private interests at stake" by weighing the municipality's concern with prescribing and enforcing minimum property standards against the owners' privacy expectations, the adequacy of administrative procedures, and the time allowed for compliance. *Freeman v. City of Dallas*, 242 F.3d 642, 652-53 (5th Cir. 2001). The balancing process resulted in a determination that, after vacant apartment buildings were condemned

according to municipal ordinances and state law, the warrantless demolition of the structures was reasonable. *Id.* at 654.

On corresponding facts, the Eighth Circuit devised a more concise formulation of the analysis. It held that "an abatement carried out in accordance with procedural due process is reasonable in the absence of any factors that outweigh governmental interests." *Samuels v. Meriwether*, 94 F.3d 1163, 1168 (8th Cir. 1996) (citation omitted); *see also Hroch v. City of Omaha,* 4 F.3d 693, 697 (8th Cir. 1993) (similarly balancing governmental and private interests and concluding that the implementation of a condemnation order did not amount to an unreasonable seizure).

The Ninth Circuit, however, has reached a different conclusion. In *Conner v. City of Santa Ana*, 897 F.2d 1487, 1492 (9th Cir. 1990), a case pre-dating *Soldal*, the court held that city officials must obtain a judicial warrant before entering private property to seize previously-condemned items, "regardless of how 'reasonable' the warrantless search and seizure appeared in light of the pre-seizure process afforded" the property owners. The Ninth Circuit continues to cite to *Conner* as good law. *See Zimmerman v. City of Oakland,* 255 F.3d 734, 739 (9th Cir. 2001).

We agree with the Fifth and Eighth Circuit's discussion of the Fourth Amendment question and reject the Ninth Circuit's. Like the Eighth Circuit,

-6-

we hold that as long as procedural due process standards are met and no unreasonable municipal actions are shown, a nuisance abatement action does not violate the Fourth Amendment.

Here, the rule is readily applied. In discussing Mr. Santana's due process claims, we have already concluded that the City's abatement satisfied procedural due process requirements and that he "failed to raise any factual issues that advance a valid claim of unreasonable behavior on the part of the City or its agents." *Samuels,* 94 F.3d at 1168. Accordingly, we determine that the City did not violate Mr. Santana's Fourth Amendment rights.

## II.

Turning to the remaining issues on appeal, we note that Mr. Santana has twice taken his state tort claims to federal court. In the first action, the claims were dismissed as barred by Okla. Stat. tit. 51, § 155(4). *See* R., Vol. I, Doc. 5, Ex. B at 2-5. [2] This is also the correct disposition of the present reincarnation of his claims. Mr. Santana's complaint alleges that agents of the City removed his property under the authority of a nuisance ordinance. The City's actions, therefore, fall squarely within section 155(4)'s exemption from tort liability

---

[2] Section 155(4) provides that a state or political subdivision is not "liable if a loss or claim" arises from "[a]doption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy."

arising out of the enforcement of an ordinance. Under the circumstances alleged,

Oklahoma law shields the City from tort liability. [3]

Moreover, the district court was not required to hold a hearing on the

constitutionality of section 155(4), either before or after dismissing the tort claims.

Rule 78 of the Federal Rules of Civil Procedure authorizes the district courts to

provide by local rule for disposition of most motions upon written submissions and

---

[3] The district court dismissed Mr. Santana's tort claims under the doctrine of res judicata, which forecloses litigation of issues which were "actually decided or could have been decided in a previous action." *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 479 (10th Cir. 2002). Res judicata applies if three elements exist: "(1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards,* 314 F.3d 501, 504 (10th Cir. 2002), *cert. denied*, 124 S. Ct. 181 (2003). Although the tort claims made in both cases involve identical parties and causes of action, the record on appeal does not clearly demonstrate the entry of a final judgment on the merits in the prior case. The last order entered in the prior case granted Mr. Santana's motion to dismiss his action "in its entirety without prejudice." R., Vol. 1, Doc. 5, Ex. C. Generally, a dismissal without prejudice "is a dismissal that does not 'operat[e] as an adjudication upon the merits,' Rule 41(a)(1), and thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 396 (1990).

Because "[t]he legal sufficiency of a complaint is a question of law," *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003), *cert. denied*, 72 U.S.L.W. 3394 (U.S. Feb. 23, 2004) (No. 03-795), we may affirm the district court's dismissal order based on our independent determination that Mr. Santana cannot prevail against the City on the facts alleged. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (noting that this court is "free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law") (quotation omitted).

without oral argument. Such a rule is in effect in the Northern District of Oklahoma. N.D. Okla. Local R. 78.1.

Mr. Santana articulated his argument, in writing, to the district court. And, in any event, the general concept of state tort immunity is not vulnerable to a constitutional challenge. *See*, *e.g.*, *Sealock v. Colorado*, 218 F.3d 1205, 1212-13 (10th Cir. 2000) (concluding that a provision of the Colorado governmental immunity law barring tort actions brought by incarcerated convicts does not violate a prisoner's rights to equal protection, due process, or access to the courts); *Neal v. Donahue*, 611 P.2d 1125, 1129 (Okla. 1980) (concluding that the doctrine of sovereign immunity does not interfere with federal or state constitutional guarantees of access to courts, and is not "violative of either the Due Process Clause or Equal Protection Clause of the Fourteenth Amendment to the United States Constitution").

The judgment of the district court is AFFIRMED.