**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 11 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JEANNE A. ROBERSON;
HARALD A. HELLMAN,

          Plaintiffs-Appellants,

v.

WOODMOOR-MONUMENT FIRE
PROTECTION DISTRICT, EL PASO
COUNTY; SIMMONS COMPANY;
JOHN ANDERSON, individually and
in his official capacity as Sheriff of El
Paso County; RICK McMORRAN,
individually and in his official
capacity as Fire Investigator;
PENROSE HOSPITAL, of Penrose-St.
Francis Health Services, a division of
Centura Health; and RANDOLPH
MAUL, M.D.,

          Defendants-Appellees.

No. 04-1024
(D.C. No. 02-RB-2333 (OES))
(D. Colo.)

---

ORDER AND JUDGMENT   *

---

\*      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **HARTZ** , and **BALDOCK** , Circuit Judges, and **BRIMMER** ,[**] District Judge.

On March 19, 2001, the home of pro se plaintiff Jeanne A. Roberson caught fire. Ms. Roberson and pro se plaintiff Harald A. Hellman, Ms. Roberson's tenant and caregiver, were in Ms. Roberson's home at the time the fire started. Both escaped the burning structure and subsequently brought suit, under 42 U.S.C. §§ 1983 and 1985(3), alleging defendants' actions and inactions, during the fire and in its aftermath, caused plaintiffs to suffer serious injuries and property losses. In their complaint, plaintiffs raised six "claims" for relief: product liability, equal protection, search and seizure, conspiracy, declaratory judgment, and exemplary damages. R. Doc. 1 at 8-11.

On May 30, 2003, the district court adopted the magistrate judge's recommendation to grant John Anderson's and Rick McMorran's motion to dismiss or in the alternative for summary judgment, Dr. Maul's motion to dismiss, Woodmoor-Monument Fire Protection District's motion to dismiss or in the alternative for summary judgment, and Penrose Hospital's motion to dismiss. At the same time, the district court granted the Simmons Company's motion to dismiss all claims against it *except* the product liability claim. All that remained

---

[**]     The Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

of plaintiffs' case, at this point, was their product liability claim against the Simmons Company. But before pursuing that claim, plaintiffs, alleging bias, filed a motion to recuse both the district judge and the magistrate judge. Plaintiffs' motion was denied by orders dated July 18, 2003, and July 21, 2003. On December 16, 2003, the district court adopted the magistrate judge's recommendation to grant the Simmons Company's motion to dismiss the product liability claim against it. This appeal followed.

On appeal, plaintiffs take issue with both district court orders adopting the magistrate judge's recommendations to grant defendants' motions to dismiss or in the alternative for summary judgment. Plaintiffs also challenge the orders denying their motion to recuse the district judge and the magistrate judge.

Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo both a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and its grant of summary judgment under Fed. R. Civ. P. 56. *Santana v. City of Tulsa*, 359 F.3d 1241, 1243 (10th Cir. 2004). "We review the denial of a motion to recuse for abuse of discretion," *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003), and "will uphold a district court's decision unless it is an 'arbitrary, capricious, whimsical, or manifestly unreasonable judgment,'" *id.* (quoting *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999)). Because plaintiffs are proceeding pro se, we construe

their allegations and appellate filings liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hunt v. Uphoff* , 199 F.3d 1220, 1223 (10th Cir. 1999).

Applying the foregoing standards, and after careful consideration of the parties' briefs, the record, and applicable law, we conclude that the district court correctly decided this case. We therefore AFFIRM its orders dated May 30, 2003, and December 16, 2003, for substantially the same reasons as stated in the magistrate judge's recommendations, dated May 6, 2003, R. Doc. 51, and August 18, 2003, *id.* at Doc. 69, respectively. We likewise AFFIRM the district court's July 19, 2003, and July 21, 2003, orders denying plaintiffs' motion to recuse, for substantially the same reasons as stated in each order. *Id.* at Docs. 64, 65. Finally, plaintiffs' request that this court hear their case en banc is DENIED, Fed. R. App. P. 35, and all outstanding motions are DENIED as moot.

Entered for the Court

Clarence A. Brimmer
District Judge

-4-