**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CARL EDMUNDSON; GARY
SMITH, Individuals,

      Plaintiffs-Appellants,

  v.

CITY OF TULSA, OKLAHOMA, a
municipal corporation; CANDY
PARNELL, City of Tulsa Code
Enforcement officer and individual,

      Defendants-Appellees,

  and

TULSA OFFICE OF CODE
ENFORCEMENT, sued as City of
Tulsa Code Enforcement,

      Defendant.

No. 04-5040
(D.C. No. 03-CV-254-K(J))
(N.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **EBEL**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Carl Edmundson and Gary Smith appeal the district court's decision granting summary judgment in favor of the City of Tulsa and Candy Parnell, a City of Tulsa Code Enforcement Officer, on their claims alleging violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. [1] Specifically, plaintiffs claim that defendants seized their property in violation of the Fourth Amendment and deprived them of said property without due process of law in violation of the Fifth and Fourteenth Amendments. The district court determined that plaintiffs were given proper notice before their property was seized and that the seizure of their property was not unreasonable.

I

On appeal, plaintiffs argue that: 1) genuine issues of fact preclude summary judgment; 2) Carl Edmundson had an expectation of privacy in the

---

[1] Plaintiffs also named City of Tulsa Code Enforcement as a party to the complaint. After this court issued a show cause order regarding unadjudicated claims against this defendant, plaintiffs moved to dismiss the City of Tulsa Code Enforcement. On July 6, 2004, the district court granted the motion and dismissed with prejudice all claims against this defendant. That order has not been challenged on appeal.

property; 3) plaintiffs hold a "class-of-one-status" and defendants discriminated against them in violation of the Equal Protection Clause; 4) the City reversed the process by seizing assets first and then citing Carl Edmundson for a zoning violation; 5) the zoning ticket has been wrongfully altered by defendants; 6) the defendants' actions were arbitrary and capricious; 7) the permitted-business-use-variance prohibited defendants' actions; 8) material factual disputes exist on plaintiffs' claims for due process and equal protection precluding summary judgment.

Before we reach the merits of plaintiffs' appeal, we must determine which issues are properly before the court. Plaintiffs did not raise an equal protection claim in their complaint or in their response to defendants' motion for summary judgment. Plaintiffs also failed to argue in the district court that the zoning ticket was wrongfully altered, or that the defendants' actions were arbitrary and capricious. As a general rule, we will not consider an issue that was not raised before the district court, *see Walker v. Mather* (*In re Walker*), 959 F.2d 894, 896 (10th Cir. 1992), and we see no reason to depart from that rule here. In addition, plaintiffs have not provided any record support for the conclusory statement in their first and eighth issues that genuine issues of fact prevent summary judgment. Appellate briefs must contain appellants' "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant[s]

rel[y]." Fed. R. App. P. 28(a)(9)(A). We decline to consider arguments that are inadequately briefed on appeal. *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1547 (10th Cir. 1995). Accordingly, the only issues we will consider in this appeal are issues two, four, and seven.

We review de novo the district court's grant of summary judgment in favor of defendants. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1331, and we affirm.

II

Plaintiffs' claims arise out of a nuisance abatement process conducted at 17317 East 14th Street in Tulsa, Oklahoma, in April 2001. The record owners of the property at the time were John C. and Joyce M. Edmundson who, according to the Tulsa County Treasurer's records, could be contacted in care of plaintiff Carl Edmundson, their son. In February 2001, Neighborhood Inspector Bill Winston inspected a complaint of a public nuisance at 17317 East 14th Street. After inspecting the property, Mr. Winston mailed a Notice to Abate Nuisance to John

and Joyce Edmundson, in care of Carl Edmundson. The notice advised that nuisances were being maintained on the property, consisting of: "Weeds and grass in excess of allowable height . . . [t]rash, junk and debris . . . [v]ehicles inoperable, junked or abandoned vehicles; auto parts on private or public property." Aplt. App. at 117. In addition to the mailed notice, Mr. Winston posted a copy of the Notice to Abate Nuisance on the property. On March 12, 2001, plaintiff Edmundson's wife left a voice mail at the Neighborhood Inspections Office stating that they had three deaths in her family in the last week and wanted a time extension. No notice of appeal was filed. One month later, on April 16, 2001, Mr. Winston reinspected the property and found that the nuisances complained of were still present. The City's contractor arrived on April 17, 2001, and started to abate the nuisance, a process that was not complete until April 26, 2001. During the abatement process, Carl Edmundson was allowed to keep and remove from the property approximately fifteen to twenty vehicles. In addition, approximately ten vehicles were left on the premises because they did not constitute a public nuisance. Plaintiffs allege that some of the materials removed from the property belonged to plaintiff Gary Smith.

III

Section 1 of the Fourteenth Amendment to the United States Constitution states that "[n]o State shall . . . deprive any person of life, liberty, or property,

without due process of law . . . ." U.S. Const. Amend. XIV, § 1. The Supreme Court has determined that individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993). In a case similar to the present case where the plaintiff alleged that the City of Tulsa committed due process violations with its nuisance abatement procedures, we held that "[a]s long as the City's requirements are reasonable and give the aggrieved party adequate notice and an opportunity to meaningfully participate, they are not unconstitutional." *Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 5465 (1985)).

In their response to summary judgment, plaintiffs did not dispute that the City properly followed the nuisance abatement ordinances in notifying them of the nuisance. Aplt. App. at 20-22, 228-230 ¶¶ 9-13. Plaintiffs further admit that they observed the posted notice on the property. *Id.* at ¶ 14. Plaintiffs did not dispute that the notice described the nuisance, provided instructions on how to abate the nuisance, and warned that if the nuisance was not abated within ten days, the City would abate it without further notice. *Id.* at 21 and 228-29 ¶¶ 11-12. They did not dispute that the notice also informed them that "the property owner or his agent may appeal this notice to abate a nuisance within 10 days of the mailing of

-6-

the notice by filing in writing with the Code Official and the Nuisance Hearing officer a notice of appeal stating the grounds thereof." *Id.* at 21-22, 229 ¶ 13.

Although plaintiffs did not dispute in the district court that they had notice of the nuisance abatement, they asserted that they did not timely receive the notice because they were out of town. Plaintiffs, however, cite to no legal authority to support their claim that receiving notice while they were out of town does not constitute valid notice. Regardless, plaintiffs knew about the notice before the deadline to file an appeal. Plaintiffs stated in their response to summary judgment that "upon observing the posted notice on their property, [plaintiffs] contacted the Neighborhood Inspections Office," citing to the affidavit of Chris Edmundson, Carl Edmundson's wife. *Id.* at 229 ¶ 14. Mrs. Edmundson left a voicemail message requesting an extension of time with the Neighborhood Inspection Office on March 12, 2001, the last day to file an appeal. *Id.* at 22 ¶ 14, 254 ¶ 7. Plaintiffs failed to follow up on Mrs. Edmundson's initial phone call, and they failed to submit any kind of written appeal in the time between Mrs. Edmundson's phone call and the commencement of the nuisance abatement process one month later. Plaintiffs' failure to take advantage of the appeals process does not render the process provided to them constitutionally insufficient. *Santana*, 359 F.3d at 1244.

Plaintiffs argue for the first time on appeal, in their reply brief, that plaintiff Gary Smith never received notice or due process. This argument is inconsistent with plaintiffs' response to summary judgment as discussed above in which the brief used the term "plaintiffs" throughout and failed to distinguish between Carl Edmundson or Gary Smith in admitting that the plaintiffs received notice. *See, e.g.*, Aplt. App. at 228-30 ¶¶ 9-18. We will not consider arguments raised for the first time in a reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

Plaintiffs also argued in the district court and before this court that their due process rights were violated by the nuisance abatement because they had a variance to operate an auto repair business on the property, the defendants seized their property without checking to see if the business was permissible, and the defendants' removal of their property violated their lawful right to operate their business. Plaintiffs, however, failed to take advantage of their opportunity to appeal the nuisance abatement notice and raise this issue before the Code Official and Nuisance Hearing Officer. "A party cannot create a due process claim by ignoring established procedures. The availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure." *Santana*, 359 F.3d at 1244 (quotation omitted). Because plaintiffs

were provided with notice and an opportunity to be heard, the district court properly entered summary judgment in favor of defendants on plaintiffs' due process claim.

IV

The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." Const. Amend. IV. Plaintiffs contend that their Fourth Amendment rights were violated when defendants seized certain property through the nuisance abatement. A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (quotation omitted). According to *Soldal*, in determining whether a government seizure violates the Fourth Amendment, the seizure must be examined for its overall reasonableness. *Id.* at 71. The analysis must be based upon "a careful balancing of governmental and private interests." *Id.* (quotation omitted).

In *Santana*, we held that "as long as procedural due process standards are met and no unreasonable municipal actions are shown, a nuisance abatement action does not violate the Fourth Amendment." 359 F.3d at 1245. Here, procedural due process standards were met, and plaintiffs failed to raise any

-9-

factual issues in the district court that demonstrated any unreasonable behavior by the City during the abatement process. It is undisputed that during the abatement process, the City allowed Carl Edmundson to keep and remove from the property approximately fifteen to twenty vehicles, and that another ten vehicles were left on the premises because they did not constitute a nuisance. The district court did not err in its determination that the City's abatement process was reasonable, and that there was no violation of plaintiffs' Fourth Amendment rights.

The judgment of the district court is AFFIRMED. The appellees' motion to strike a portion of the record on appeal is denied.

Entered for the Court


Michael W. McConnell
Circuit Judge