**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES JONES,

Petitioner–Appellant,

v.

BLAKE DAVIS,[*] Warden, Federal Prison
Camp-Florence,

Respondent–Appellee.

No. 09-1463
(D.C. No. 1:09-CV-01611-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

James Jones filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus claiming

that officials at the Bureau of Prisons ("BOP") categorically deny eligible inmates

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Blake Davis is substituted as Respondent–
Appellee for former warden Ron Wiley.

[**] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

placement in community correction centers ("CCCs") and residential re-entry centers ("RRCs"), and deny benefits to graduates of a Residential Drug and Alcohol Program ("RDAP"), in violation of federal law. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of Jones' petition for failure to exhaust administrative remedies.

## I

Jones is an inmate of the federal prison camp in Florence, Colorado. In June 2009, he filed a pro se § 2241 petition in the United States District Court for the District of Colorado. Purporting to represent all similarly positioned individuals, he claimed that BOP officials were violating federal law by: (1) categorically denying non-pre-release inmates[1] placement in CCCs; (2) categorically limiting pre-release inmates to six months in RRCs; and (3) categorically denying RDAP graduates twelve-month sentence reductions. Jones promptly moved for class certification and the appointment of class counsel.

After denying Jones' class-related motions as premature, the district court dismissed Jones' petition without prejudice for failure to exhaust administrative remedies. Jones timely appealed the dismissal of his petition.[2]

---

[1] "Pre-release" inmates are those with a projected release date within twelve months.

[2] Jones does not appeal the district court's denial of class certification.

## II

We review the dismissal of a § 2241 petition de novo. Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004). In general, we require inmates to exhaust administrative remedies before seeking federal habeas relief. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986). The exhaustion requirement is satisfied by "using all steps that the agency holds out." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quotation omitted). "The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981) (citation omitted).

BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal Administrative Remedy Request. 28 C.F.R. §§ 542.13-.14. If the inmate does not obtain a satisfactory response, he may file a regional appeal, followed by a national appeal. Id. § 542.15(a). Jones has not sought any administrative remedy from BOP.

"A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza v. Davis, __ F.3d __, 2010 WL 537769 at *4 (10th Cir. Feb. 17, 2010). Construing his pro se filings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we read Jones' filings to argue that the futility exception applies because: (1) the Tenth Circuit invalidated BOP regulations regarding RRC and CCC placement in Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); (2) two memoranda demonstrate that BOP continues to categorically deny eligible inmates RRC

-3-

and CCC placement; and (3) he challenges the validity, rather than the application, of BOP regulations.

In Garza, we rejected the same three arguments. First, because BOP has issued interim regulations to replace those invalidated in Wedelstat, that case has no bearing on Jones' challenge. Garza, 2010 WL 537769 at *5. Second, the BOP memoranda proffered by Jones—the same memoranda discussed in Garza—do not show that BOP is categorically denying or limiting placement in RRCs and CCCs. Id. Third, denominating a complaint a facial challenge does not automatically dispose of the exhaustion requirement. Instead, a petitioner must show that the challenged regulations "definitively prevent" the relief sought in order to demonstrate futility. Id. Here, Jones seeks placement in an RRC or CCC for a period of more than six months. By their terms, BOP's interim regulations will not definitively prevent him from receiving such placement. Accordingly, Jones must exhaust his administrative remedies before seeking § 2241 relief.

Jones also argues that the district court clerk's entry of judgment below was "illegal" because his petition was dismissed without prejudice. Jones appears to be under the mistaken impression that the issuance of a judgment will prevent him from filing a new § 2241 petition after exhausting his administrative remedies. Because the district court dismissed Jones' petition without prejudice, however, the issuance of a final judgment will not preclude him from filing future § 2241 petitions. See generally Santana v. City of Tulsa, 359 F.3d 1241, 1246 n.3 (10th Cir. 2004).

-4-

### III

Because Jones fails to show that he exhausted his administrative remedies or that exhaustion of administrative remedies would have been futile, we **AFFIRM** the district court's order dismissing his § 2241 petition. We **GRANT** Jones' motion to proceed in forma pauperis.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge