**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HARSHAD P. DESAI,

      Plaintiff-Appellant,

v.

PANGUITCH MAIN STREET, INC.;
PANGUITCH CITY CORPORATION,

      Defendants-Appellees.

No. 12-4197
(D.C. No. 2:04-CV-00691-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Harshad P. Desai, proceeding pro se, appeals the district court's dismissal of

his employment discrimination complaint under Title VII of the Civil Rights Act of

1964.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Desai filed suit against defendants Panguitch City Corporation (the

"City"), a Utah municipal corporation, and Panguitch Main Street, Inc. ("Main

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Street"), a non-profit corporation organized with help from the City to preserve and revitalize the City's downtown area. Mr. Desai, a native of India who lives and owns a hotel in the City, alleged that in July 2003, and July 2004, he was not hired by defendants as Main Street's Manager because of his race, color, religion, and national origin.

The district court granted summary judgment in favor of defendants on Mr. Desai's Title VII claim under Fed. R. Civ. P. 56. It ruled that Mr. Desai failed to establish a prima facie discriminatory failure-to-hire claim because he had not demonstrated that he was qualified for the Main Street Manager position. *See Fischer v. Forestwood Co., Inc.,* 525 F.3d 972, 982-83 (10th Cir. 2008) (stating elements of prima facie racial and religious discrimination claims, which include demonstrating that plaintiff was qualified for the position). Specifically, the court ruled that Mr. Desai had not demonstrated that he met the Main Street Manager job requirement that he have the ability to work well with the public, governmental entities and diverse personalities. The court cited the evidence that Mr. Desai had accused public officials of embezzlement, bribery and dishonesty and had numerous disputes with local officials and business owners. Further, the court ruled that Mr. Desai did not demonstrate that he had experience running a public entity or public program.

The court also ruled that, even assuming for the sake of argument that Mr. Desai had established a prima facie case, the defendants had met their burden of

articulating a legitimate, nondiscriminatory reason for not hiring Mr. Desai—namely, that those hired were more qualified than Mr. Desai—and Mr. Desai had not met his responsive burden to show that the proffered reason was so weak, implausible, inconsistent or incoherent that a reasonable fact-finder could rationally find it unworthy of belief and, thus, infer it was pretext for discrimination. *See Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1142-43 (10th Cir. 2009) (describing burden-shifting framework and analysis). Mr. Desai's asserted basis for pretext was the fact that both persons selected for the Main Street Manager position left after a year, which the district court ruled was insufficient to infer that defendants did not act for the asserted non-discriminatory reasons given. The district court then dismissed Mr. Desai's remaining claims, in which he alleged that defendants and the local community were conspiring against him, for failure to state a plausible claim under Fed. R. Civ. P. 12(b)(6). *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1144 (10th Cir. 2013) ("To survive dismissal under Rule 12(b)(6) for failure to state a claim, plaintiffs must nudge their claims across the line from conceivable to plausible." (alteration and internal quotation marks omitted)).

We review de novo both a district court's dismissal for failure to state a claim under Rule 12(b)(6), and its grant of summary judgment under Rule 56. *Santana v. City of Tulsa*, 359 F.3d 1241, 1243 (10th Cir. 2004). Because Mr. Desai is pro se, we liberally construe his filings, but we will not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Much of Mr. Desai's

- 3 -

brief is incomprehensible and contains little or no cogent argument that the district

court committed reversible error.[1] It is replete with ad hominem attacks on

defendants,[2] and fails to state the issues on appeal and the facts relevant to the issues,

with citations to the record, or cite to relevant legal authority, all as required by

Fed. R. App. P. 28.[3] "[A]lthough we make some allowances for the pro se plaintiff's

failure to cite proper legal authority, his confusion of various legal theories, his poor

---

[1]    For example, Mr. Desai claims: "the court  applied 'scintilla (spark, splinter, etc.)' approach in [granting] [s]ummary [j]udgment . . . as a substitute for a 'house on fire' size and nature of the case," Aplt. Opening Br. at 6; the "court failed to address Defendant's discrimination/[e]xclusion of plaintiff[, p]seduo ownership, dictatorship, double standard, egoism, arrogance, etc., are in DNA of defendants," *id*. at 8; "the court had/has two possibilities (the district court's burden) – (i) [i]s the plaintiff bacteria in clean swimming pool? or (ii) [i]s the plaintiff a drop of [c]hlorine in cesspool infested with bacteria and viruses?"; *id*. at 10; "[t]he district court's positions (rulings and lack of rulings) is in disconnect based on facts like . . . '100% of like' creates inefficient system[, and] [k]knowingly abstaining factors, prongs that puts [him] at more qualification in totality is illegal game," *id*. at 45.

[2]    As just a few examples, "[t]he defendants (city, council, mayor, city attorney) engaged in cover up, run [a]way from the plaintiff," *id*. at 4; "[d]efendants are like Taliban operations in mountain region of Afghanistan in caves," *id*. at 13; "[d]efendants' culture [is] Hell with laws, morality, ethics, public, citizens, tax payers, etc.," *id*. at 14.

[3]    Federal Rule of Appellate Procedure 28 requires an appellant's brief to contain "a statement of the issues presented for review," Fed. R. App. P. 28(a)(5), "a statement of facts relevant to the issues submitted for review with appropriate references to the record," Fed. R. App. P. 28(a)(7), as well as an argument section comprised of "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "a concise statement of the applicable standard of review," Fed. R. App. P. 28(a)(9).  Mr. Desai's brief fails to reasonably comply with these requirements.  Pro se parties must follow the same rules of procedure that govern other litigants.  *Garrett*, 425 F.3d at 840.

syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840 (brackets, citation, and internal quotation marks omitted).

We have reviewed the record, the briefs, and the relevant legal authority. In a detailed and well-reasoned opinion, the district court accurately analyzed the issues, and we agree with its conclusion that Mr. Desai failed to demonstrate that he was qualified for the Main Street Manager position and, thus, failed to meet his burden to establish a prima facie failure-to-hire discrimination claim. We further agree with its ruling that Mr. Desai's remaining purported claims fail to state plausible causes of action. We therefore affirm the ruling for substantially the same reasons explained by the district court in its memorandum decision and order dated November 8, 2012.

Entered for the Court


Bobby R. Baldock
Circuit Judge