FILED
United States Court of Appeals
Tenth Circuit

November 6, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENISE MORRISON,

      Plaintiff - Appellant,

v.

KEVIN COX; GRETCHEN MUDOGA,

      Defendants - Appellees.

No. 13-5034
(D.C. No. 4:12-CV-00334-JED-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

Denise Morrison appeals the summary judgment dismissal of her

42 U.S.C. § 1983 civil rights complaint against two employees of the City of Tulsa,

Oklahoma:  Gretchen Mudoga, a neighborhood inspector, and her supervisor, Kevin

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Cox.[1] Ms. Morrison claims the defendants violated her Fourth Amendment right to be free from unlawful search and seizure when they entered her yard and removed plants and other materials deemed to be a public nuisance.

In response to a complaint and an inspection, the City of Tulsa issued a notice to abate nuisance to Ms. Morrison on July 15, 2011. The notice described the trash, vegetation overgrowth, tires and inoperable car that she needed to remove. The notice—posted on Ms. Morrison's door and mailed—gave her ten days to appeal. She did not abate the nuisance or file an appeal. On July 27, Ms. Mudoga posted a second notice on Ms. Morrison's door and told Ms. Morrison she could appeal. Ms. Morrison met with the defendants, but did not abate the nuisance or file an appeal. On August 8, Ms. Mudoga posted a final notice on Ms. Morrison's door stating the City of Tulsa would remove the materials it deemed a nuisance on August 10, 2011. Ms. Morrison told Ms. Mudoga her yard was an organic garden. On August 12, the Chief Horticulturist for the City of Tulsa inspected the property. She opined the yard did not contain any organic garden, but had large amounts of untended, dead and decaying vegetation; unhealthy trees; dead tree limbs; and rotting tires. On August 16, 2011, the defendants and City of Tulsa contractors removed 11 cubic yards of materials from Ms. Morrison's property.

---

[1]     Ms. Morrison does not appeal the district court's dismissal of the unidentified John and Richard Doe defendants.

Ms. Morrison's § 1983 complaint alleged defendants' abatement action violated the Fourth Amendment.[2] The district court ruled the seizure of Ms. Morrison's yard materials was reasonable because procedural due process standards were met and there was no unreasonable behavior by the defendants. The court noted the undisputed evidence that notice was posted on Ms. Morrison's property and mailed; the notice explained her appeal rights; a final notice was posted; a horticulturist considered and rejected Ms. Morrison's organic-garden claim; the defendants repeatedly met with Ms. Morrison to discuss her objections; and Ms. Morrison never filed an appeal. Accordingly, the district court found no deprivation of Ms. Morrison's Fourth Amendment rights, citing *Santana v. City of Tulsa*, 359 F.3d 1241, 1245 (10th Cir. 2004) ("[W]e hold that as long as procedural due process standards are met and no unreasonable municipal actions are shown, a nuisance abatement action does not violate the Fourth Amendment.").

On appeal, Ms. Morrison argues there are disputed issues of material fact precluding summary judgment because she challenges the horticulturist's conclusions and asserts she was growing a lawful garden. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Disputes concerning the conditions of Ms. Morrison's yard are not, however, material

---

[2]     Ms. Morrison does not appeal the district court's rejection of her claim that the nuisance ordinance was unconstitutionally vague.

to the constitutional issue raised in her complaint. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) ("A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit." (internal quotation marks omitted)). The relevant inquiry is not whether her yard was a nuisance, but whether defendants' actions met procedural due process standards and were constitutionally reasonable. *See Santana*, 359 F.3d at 1245. The undisputed evidence demonstrates defendants met these constitutional standards.

Ms. Morrison challenges this court's holding in *Santana*, suggesting the case is distinguishable because it did not involve a garden. She instead urges us to follow a 1990 divided-panel Ninth Circuit decision holding a judicial warrant is required before city officials may enter property to abate a nuisance. But the type of nuisance being abated is not relevant to the constitutional analysis, and we expressly declined to follow the Ninth Circuit's decision in *Santana*, which is binding circuit precedent.

The district court did not err in its ruling that there was no violation of Ms. Morrison's Fourth Amendment rights. Accordingly, the judgment of the district court is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge

- 4 -