**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

DONALD DORNON,

     Plaintiff - Appellant,

v.

CHRIS JURGENS, Chief of Police in his individual capacity; RICHARD FORD, Ordinance Officer in his individual capacity; DAN GOODMAN, Mayor in his individual capacity; EVERETT GREEN, Ward I Councilman in his individual capacity; BO PARKINSON, Ward I Councilman in his individual capacity; GARY EITEL, Ward 2 Councilman in his individual capacity; JONATHAN BRUNSWIG, Ward 2 Councilman in his individual capacity; JACK SCHMITT, Ward 3 Councilman in his individual capacity; PERRY NOWAK, Ward 3 Councilman in his individual capacity; JOSHUA GOODEN, Ward 4 Councilman in his individual capacity; FRED KUNTZSCH, Ward 4 Councilman in his individual capacity; TED KUFFLER, in his individual capacity; JOHN SHIRLEY, City Attorney in his individual capacity,

     Defendants - Appellees.

------------------------------

CITY OF SCOTT CITY, KANSAS,

     Intervenor.

No. 15-3137
(D.C. No. 5:14-CV-04065-RDR-KMH)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

This case stems from an abatement of nuisance conditions on Donald Dornon's property in Scott City, Kansas. Acting under the city code, officials removed items from the property in May 2014. Dornon, proceeding pro se, sued several city officials alleging they violated his constitutional rights. The district court granted the defendants' motion to dismiss for failure to state a claim. Dornon appeals, and we affirm.

## I. Background

Scott City's code prohibits a property owner to allow "conditions which are injurious to the health, safety or general welfare of the residents of the city or conditions which are detrimental to the aesthetic characteristics of adjoining properties, neighborhoods or the city." Code of the City of Scott City, Kansas § 4-4-6 (2013). The city may remove items from private property to abate such conditions after notifying the owner and giving him an opportunity to remedy the violation or seek a hearing in the matter. *See id*. §§ 4-4-7, 4-4-9.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

After the city removed items from Dornon's property in accordance with this provision, Dornon brought this lawsuit under 42 U.S.C. § 1983, claiming that Scott City's mayor, city council members, chief of police, and others conspired to violate his constitutional rights by passing the abatement provision and using it to search and seize his property without a warrant or conviction. The district court ruled that Dornon's complaint failed to allege facts sufficient to state a plausible claim against any of the defendants and granted their motion to dismiss under Fed. R. Civ. P. 12(b)(6). As alternative grounds for dismissal, the court ruled that the mayor and city council members were entitled to legislative immunity and that Dornon had failed to allege wrongful acts by defendants Shirley, Kuffler, and Jurgens.

## II. Analysis

We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). A complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the complaint must allege facts that, if true, are sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Because Dornon appears pro se, we liberally construe his pleadings. *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013).

3

As the defendants correctly point out, Dornon does not challenge the district court's finding that the mayor and city council members are entitled to legislative immunity. Nor does he dispute the court's determination that he failed to allege unlawful acts by Shirley, Kuffler, and Jurgens. Dornon has therefore waived any argument that the district court erred by dismissing his claims against these defendants on these grounds. *See Blue Mountain Energy v. U.S. Dep't of Labor*, 805 F.3d 1254, 1259 n.3 (10th Cir. 2015).

That leaves only Dornon's claim against defendant Ford, the public service officer who conducted the abatement. We must determine whether the district court erred when it held that Dornon failed to allege facts sufficient to state a plausible claim against Ford under § 1983; that is, that Dornon failed to allege facts that, if true, show Ford deprived him of his federal constitutional or statutory rights under color of state law. *See* 42 U.S.C. § 1983; *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014). Dornon's complaint claims that Ford "without a conviction or any warrant[,] . . . searched, seized, and destroyed [his] personal property" under color of state law. R. at 10. Dornon refers generally to his "constitutional rights" and various constitutional amendments, but he does not identify the specific rights he accuses Ford of violating. The district court interpreted Dornon's claims to allege violations of his Fourth or Fourteenth Amendment rights, and because Dornon does not explain how any other constitutional provisions apply, we do the same.

4

We have held that in the absence of egregious actions (which could violate substantive due process) nuisance abatement does not violate a property owner's Fourth or Fourteenth Amendment rights if he is given adequate notice and an opportunity for a hearing, and if the abatement is conducted in a reasonable manner. *See Santana v. City of Tulsa*, 359 F.3d 1241, 1244-45 (10th Cir. 2004). Although Dornon argues on appeal that the city seized items from the wrong property and that the condition of his property did not warrant abatement under the code, we decline to consider these arguments because Dornon failed to raise them in the district court. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011). Otherwise, Dornon does not identify any egregious action on the part of the city or any unreasonableness in the performance of the abatement; and he does not dispute that he was notified of the proposed abatement and failed to request a hearing. He argues only that Ford seized his property without a warrant or conviction. But neither was required for the civil abatement here. The district court did not err by holding that Dornon's complaint failed to state a plausible claim for relief under § 1983.

### III. Conclusion

We affirm the district court's order dismissing Dornon's claims.

Entered for the Court


Harris L Hartz
Circuit Judge

5