**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRED SMITH,

    Plaintiff - Appellant,

v.

JAMES DRAWBRIDGE; THOMAS
GASKILL*; JASON BRYANT; MARK
KNUTSON; LT. SCHMIDT; GARY
SHELITE; SETH STEINWAND;
CHARLENE BREDEL; KELLI CURRY;
SHANNON REED; KENYA
ARIAS-VALES; DEPARTMENT OF
CORRECTIONS,

    Defendants - Appellees.

No. 18-6117
(D.C. No. 5:16-CV-01135-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT\*\***
_____

Before **McHUGH**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

---

    \* In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Thomas Gaskill is substituted for James Drawbridge as to claims against
Drawbridge in his official capacity. Drawbridge remains a Defendant-Appellee as to
claims asserted against him in his individual capacity.

    \*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Fred Smith, an Oklahoma prisoner proceeding pro se, appeals the district court's judgment in favor of defendants in his civil rights action asserting violations of various constitutional rights. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

Smith's claims in this action pertain to his previous incarceration at the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma. He alleged that he is physically disabled and a practicing Orthodox Jew. Smith asserted violations of his right to freely exercise his religion under the First Amendment and violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA); retaliation for exercising his religion and filing grievances and lawsuits; violation of the Americans with Disabilities Act (ADA); intentional infliction of emotional distress, which he claimed violated his Eighth Amendment right to be free from cruel and unusual punishment; denial of due process and access to the courts resulting from a prison policy precluding him from paying for copies and postage with funds in his inmate savings account; and denial of due process by obstructing and abusing the grievance policy. Defendants are the Oklahoma Department of Corrections (ODOC) and individuals employed by ODOC. Smith brought claims against the individual defendants in both their individual and their official capacities.

Defendants moved to dismiss Smith's complaint. He did not respond to their motion. A magistrate judge issued a report and recommendation (R&R) to grant in

2

part and deny in part defendants' motion. After addressing Smith's objections, the district court adopted the R&R and dismissed Smith's

> RLUIPA claim; all § 1983 claims to the extent they are raised against the ODOC and the individual defendants in their official capacities for money damages; all claims for declaratory and prospective injunctive relief; the Eighth Amendment claim; the Access to Courts claim; the Due Process claim; the Retaliation Claim; the ADA claim against defendants Schmidt and Curry; and the Free Exercise claims against defendants Bryant, Knutson, Curry, and Reed.

R., Vol. III at 872. The court denied defendants' motion as to Smith's ADA claims against ODOC and his Free Exercise claims against Drawbridge in his individual capacity. The remaining defendants moved for summary judgment on these claims. A magistrate judge issued an R&R to grant the motion. After addressing Smith's objections, the district court adopted the R&R, granted summary judgment on the remaining claims, and entered a final judgment.

## II. Discussion

Because Smith appears pro se, we have liberally construed his briefs and "have tried to discern the kernel of the issues []he wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). In his opening brief, Smith references his Free Exercise, RLUIPA, ADA, Retaliation, Eighth Amendment, and Due Process claims. Smith argues that the district court's disposition of these claims is not supported by the evidence. Because the court's dismissal order was based solely on the allegations in his complaint, we construe this contention as challenging the court's summary judgment order.

3

## A. Failure to Exhaust Administrative Remedies

The district court granted summary judgment on Smith's ADA claims against ODOC and all but one of his Free Exercise claims against Drawbridge because he failed to exhaust his administrative remedies. We review this ruling de novo. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires "proper exhaustion of administrative remedies," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "[P]roper exhaustion . . . means using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (internal quotation marks omitted). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation and internal quotation marks omitted).

The magistrate judge's R&R, which the district court adopted, painstakingly reviewed the evidence of Smith's grievance submissions. The court held that the undisputed factual record showed that Smith did not start and complete the grievance process with respect to his ADA claims against ODOC. And he properly exhausted only one of his Free Exercise claims against Drawbridge. Smith does not demonstrate any error in these rulings. In fact, he does not mention exhaustion of

4

administrative remedies in his opening brief, much less show a lack of evidentiary support for the district court's holding.

### B. Qualified Immunity on Exhausted Free Exercise Claim

The district court held that Drawbridge was entitled to qualified immunity on the single Free Exercise claim that Smith exhausted, and it granted summary judgment on that basis. Once again, we review this ruling de novo. *See Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006).

> When a defendant bases a motion for summary judgment on the defense of qualified immunity, the plaintiff must show that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.

*Id.* (internal quotation marks omitted).

Smith claimed that Drawbridge deprived him of his First Amendment right to freely exercise his religion by failing to accommodate his observance of the Fast of Tammuz in July 2016. The evidence showed that Drawbridge wrote a memo directing that Smith should be given a hot meal after sundown on the date of the Fast, and Drawbridge also reminded food service staff of this direction, but Smith nonetheless received only a cold sack meal after the Fast. The district court held that the undisputed evidence failed to demonstrate a constitutional violation because (1) no evidence supported Smith's assertion that Drawbridge consciously and intentionally interfered with his First Amendment rights, and (2) the cold meal following the Fast of Tammuz—which Smith did not claim was inconsistent with his dietary restrictions—did not prevent his participation in the Fast. *See Gallagher v.*

5

*Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009) ("Plaintiff must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." (brackets and internal quotation marks omitted)); *cf. Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315 (10th Cir. 2010) (defining "substantial burden" under RLUIPA to include when government "prevents participation in conduct motivated by a sincerely held religious belief").

Smith does not mention this particular Free Exercise claim against Drawbridge in his opening brief. He fails to demonstrate that the district court's grant of qualified immunity to Drawbridge on this claim was not supported by the evidence.

### C.    Denial of a Hearing

Smith argues that the district should have held hearings before issuing its dismissal and summary judgment orders. He does not state what he would have presented at a hearing, or how a hearing would have changed the district court's rulings. The court addressed Smith's contention, holding that a hearing was not necessary for it to rule on either of defendants' motions. We see no error in the district court's denial of a hearing. "Rule 78 of the Federal Rules of Civil Procedure authorizes the district courts to provide by local rule for disposition of most motions upon written submissions and without oral argument." *Santana v. City of Tulsa*, 359 F.3d 1241, 1246 (10th Cir. 2004). Such a rule is in effect in the Western District of Oklahoma. W.D. Okla. LCvR78.1 ("Oral arguments or hearings on motions or objections will not be conducted unless ordered by the court.").

**D.  Emotional Distress Claim**

Smith contends that the district court failed to consider his claim asserting intentional infliction of emotional distress.  He is wrong.  Smith alleged that certain defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment by intentionally inflicting emotional distress.  The district court dismissed this claim for failure to state a constitutional violation.  Smith does not raise any claim of error in that ruling.[1]

---

[1] Smith also describes in his opening brief two incidents that were not alleged in his complaint filed in this case.  He asserts that he was "left in the dog pen for approx[imately] 6 hours," contending that "Mr. Denton" was aware and took no action.  Aplt. Opening Br. at 2.  He further claims that he was "immediately shipped from JHCC prison to O.U. Hospital and then JHCC prison while refusing to answer Request to Staff, grievance and medical request."  *Id.* at 3.  "Mr. Denton" is not a named defendant in Smith's complaint.  And Smith's claims in this case relate to his previous incarceration at JCCC, rather than "JHCC," an apparent reference to the Joseph Harp Correctional Center, where he is currently housed.  Consequently, Smith's assertions regarding these incidents are not relevant to his claims of error on appeal.

Additionally, this court construed two of Smith's filings as his reply brief and an addendum thereto.  Smith's filing titled "Reply to Court Order Dated 10-19-18," which references claims against "Joe Allbaugh," appears to relate to a different district court action than the case underlying this appeal.  Moreover, to the extent that Smith's contentions in his reply brief are relevant to this case, we decline to consider any arguments asserted for the first time in that brief.  *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief.").

7

**III.    Conclusion**

The district court's judgment is affirmed.  We grant Smith's request to proceed on appeal without prepayment of filing and docketing fees.  The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only prepayment of those fees.  Because we have reached the merits of this matter, prepayment of fees is no longer an issue, but Smith remains obligated to pay all filing and docketing fees by continuing to make partial payments until the entire appellate filing fee is paid.

Entered for the Court


Carolyn B. McHugh
Circuit Judge